(No. 27180.— )
PEOPLE'S DRUG SHOP, INC., Appellant, *vs.* LESLIE M. MOYSEY, Appellee.

*Opinion filed Sept. 21, 1943—Rehearing denied Nov. 11, 1943.*

MICHAEL M. PHILLIPS, (RAYMOND I. SUEKOFF, of counsel,) for appellant.

ARNOLD L. LUND, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, People' Drug Shop, Inc., filed its complaint in the superior court of Cook county against the defendant, Leslie M. Moysey, seeking to recover $8.56 as an additional charge on retail sales to cover approximately the amount of the retailers' occupation tax. By motion, defendant challenged the legal sufficiency of the complaint, his motion was sustained, and judgment for costs rendered in his favor and against plaintiff. Upon appeal, the Appellate Court for the First District affirmed the judgment. The Appellate Court has granted a certificate of importance, and the cause is here upon the appeal so allowed.

From the complaint it appears that plaintiff is engaged in the business of selling tangible personal property, particularly drugs, medicines, and medicinal supplies, at retail in the city of Berwyn. Between February 1 and July 31, 1941, it sold and delivered to defendant numerous items at a total purchase price of $301.88. Monthly statements were rendered showing additional amounts representing monthly charges for the retailers' occupation tax in the aggregate sum of $8.56. The statements for February, March, April, May, June and July, billed defendant $47.35, $53.21, $51.19, $46.30, $54.72 and $49.11, respectively, for merchandise. For these months, in the order named, additional amounts were added as charges for retailers' occupation tax, namely, $1.42, $1.60, $1.53, $1.39, $1.64 and 98 cents. Defendant paid plaintiff in full for the merchandise purchased but consistently refused to pay the additional items to cover the tax. Defendant's motion for judgment challenged the legal sufficiency of the complaint on the grounds, among others, that it did not state a cause of action; that it affirmatively appeared plaintiff was attempting to collect a tax on behalf of the State of Illinois, without alleging any authority so to do, and that the sum sought to be recovered was not a part of the contract price of the items involved but represented retailers' occupation

tax on the transactions which plaintiff had no legal right to collect.

The sole question presented for decision is whether a person engaged in selling tangible personal property at retail may collect from the consumer the retailers' occupation tax when added, as here, as a separate and distinct charge to the agreed price of merchandise sold. Defendant neither expressly nor impliedly agreed to pay the tax added. On the other hand, it affirmatively appears that he consistently refused to pay the additional charge and plaintiff continued to sell him merchandise despite his persistent refusal.

The title of the statute is "An act in relation to a tax upon persons engaged in the business of selling tangible personal property to purchasers for use or consumption." (Laws of 1933, page 924.) Prior to July 1, 1941, section 2 imposed a tax upon persons engaged in the business of selling tangible personal property at retail in this State at the rate of three per cent of the gross receipts from such sales of tangible personal property made in the course of such business. A retailer was required to pay a tax based on the total amount received by him from the consumer, even though he added the tax he was required to pay to the purchase price of the merchandise sold by him, making the tax a separate item in his invoice. (*Vause & Streigel, Inc.* v. *McKibbin,* 379 Ill. 169.) Commencing July 1, 1941, the tax was reduced to two per cent of ninety-eight per cent of the gross receipts. Ill. Rev. Stat. 1941, chap. 120, par. 441.

The purpose of the Retailers' Occupation Tax Act, reflected in its title and throughout the statute, is to impose a tax upon persons engaged in selling tangible goods at retail. The tax exacted is not a sales tax on the consumer and, so far as the statute is concerned, no duty rests upon him to pay the tax imposed upon the retailer. This court has repeatedly and consistently held that the tax imposed

is a tax on the retailer measured by his sales to consumers. *Reif* v. *Barrett,* 355 Ill. 104, sustaining the constitutionality of the statute, holds that the tax is an excise or occupation tax and not a property tax. Referring to retailers, this court said: "They pay a tax for the privilege of engaging in the occupation of a retailer of tangible personal property sold for use or consumption by the purchaser." In *People ex rel. Herlihy Mid-Continent Co.* v. *Nudelman,* 370 Ill. 237, we said: "The Retailer's Occupation tax is a tax on the privilege of engaging in the business of selling tangible personal property to purchasers for use or consumption and is not a tax on the property itself." Again, in *Ahern* v. *Nudelman,* 374 Ill. 237: "The tax is an occupation tax upon a class of vendors and is measured by the gross receipts from their sales. [Citations] It applies only to sellers and the sale made must be for use of consumption and not resale." Later, in *Superior Coal Co.* v. *Department of Finance,* 377 Ill. 282, we declared: "The plain purpose of the Retailers' Occupation Tax law is to exact a tax from those engaged in the business of making retail sales in this State." In *Mahon* v. *Nudelman,* 377 Ill. 331, we observed: "The tax is on the occupation and not on the sale, though sales are utilized as a measure of the tax to be assessed." Any remaining doubt as to the nature of the tax was dissolved by our recent expression in *Svithiod Singing Club* v. *McKibbin,* 381 Ill. 194: "It is settled that the tax so imposed is an occupation tax upon a class of vendors described in the act, and not a tax upon sales, though it is measured by the gross receipts from sales. * * * That those engaged in the business of selling tangible personal property at retail have contrived to pass this tax on to the consumer, was neither within the intent of the General Assembly nor within the purpose of the act, as shown by its terms." Moreover, the retailer is not an agent of the State for the purpose of collecting the tax. Referring to the prior statute approved

March 22, 1933, entitled "An act in relation to a tax upon persons engaged in the business of selling tangible personal property at retail, the disposition thereof and making certain appropriations in connection therewith," (Laws of 1933, p. 938) this court, in *Winter* v. *Barrett,* 352 Ill. 441, said: "* * * the tax is imposed upon persons engaged in the business mentioned. They are the persons who are required to pay the tax. They are not made the agents of the State or of the Department of Finance to collect the tax from purchasers and pay it over to the department, but the tax is imposed on them and they are the ones who are required to pay it." The quotation is singularly pertinent here.

Unambiguous provisions of the Retailers' Occupation Tax Act proclaim, and the decisions of this court uniformly hold, that the tax imposed is upon retailers and not upon consumers, and that the sole duty of paying the tax rests upon the former. It follows necessarily that plaintiff was without legal authority to collect from its customer, the defendant, the challenged items in its invoices representing additional charges for retailers' occupation tax.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*