

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 20, 1950

Hon. Jimmy P. Horany, Chairman
Subcommittee on Revenue and Taxation
Revenue and Taxation Committee
House of Representatives
51st Legislature
Austin, Texas

Opinion No. V-1009.

Dear Sir:

Re: The adequacy of designated provisions in House Bill No. 7, 51st Leg., 1st C.S., 1950.

Your request for an opinion reads as follows:

"The Committee desires a general ruling from your Department as to the sufficiency and general adequacy of the term 'gathering' as defined in Subdivision 2 of Section 1, page 2 of this bill, and also as to the adequacy of Section 2, page 4 in preventing the tax imposed by this bill from being passed on to the producer."

Subdivision 2 of Section 1 of House Bill No. 7 reads as follows:

"(2) 'Gathering' gas shall mean the first taking or acquiring of custody, possession, title or control, in Texas, from the producer of gas produced in this State, after the severance of such gas from the earth, and after the passage of such gas through any separator, drip, trap or meter that may be located at or near the well, and prior to its admission into any transmission line for any purposes whatsoever except those herein provided. Provided that in the case of gas containing gasoline or liquid hydrocarbons that are removed or extracted in commercial quantities at a plant by scrubbing, absorption, compression, or any similar process, the term 'gathering gas' shall mean the first taking or the first retaining of possession of such gas for transmission through a pipe line after such gas has passed through the outlet of such plant."

Section 2 of the Bill reads, in part:

"Provided that the tax herein levied being strict-
ly a privilege tax for the privilege of engaging in such
business of gathering gas produced in this State shall
in no case be deducted from any payments due by gath-
erers to producers of gas."

It is fundamental that laws must be certain and defi-
nite in order to be valid.

In State v. International and G. N. Ry. Co., 107 Tex. 349,
179 S.W. 867 (1915), the Supreme Court said (at page 868):

"The provisions of the act, in order for it to be
enforceable, should be plain enough in meaning for
those operating the industry affected by it to know and
realize whether by engaging in an act of repair they
would breach its terms. If the act meets and fulfills
the requirements of this rule, it would be sufficiently
definite in meaning to be operative. If it is not suffi-
ciently plain in meaning for those engaged in the line
of industry affected to so understand its terms and pro-
visions, then the act would and should be held void for
uncertainty, as it would be inexcusable for a govern-
ment to fine or punish its citizens for an infraction of
a law which in its terms could not be understood by
them. But it is equally true that, if the act of the Leg-
islature is as definite in meaning as the nature of the
subject would allow, no more than this should be expect-
ed to meet the rule of certainty required; to hold other-
wise would be to nullify the power of the Legislature to
legislate at all on a proper subject for its consideration."

The word "gathering" as used in House Bill No. 7 is de-
fined in language that is specific and definite and its meaning can be
clearly understood.

Subject to constitutional restrictions the Legislature has
the inherent power to determine the persons, property, and privileg-
es to be taxed, the mode, form and extent of the tax, and the manner
and means of enforcing the tax. 51 Am. Jur. 73, 85, 432, Taxation,
Secs. 43, 55, 409.

The Supreme Court of Alabama is upholding a provision
in a sales tax statute requiring the retailer to add or "pass on" the
amount of the tax to the sales price said:

"The taxpayer, the seller, is charged with the
mandatory duty to add the amount of the tax to his
sales price, and to collect it from the purchaser along

with the sales price. He has all the authority to collect this added sum which he has to collect, his sales price. The law intervenes and adds the amount of the sales tax which the seller must pay to the state to the price he must collect from the purchaser." Doby v. State Tax Commission, 234 Ala. 150, 174 So. 233, 237 (1937). (Emphasis added throughout.)

The Supreme Court of Illinois has upheld a statute providing that the retailer could not collect the retailer's occupation tax from the purchaser. That court in People's Drug Shop v. Moysey, 384 Ill. 283, 51 N.E.2d 144, 146 (1943), said:

" . . . that the tax imposed is upon retailers and not upon consumers, and that the sole duty of paying the tax rests upon the former. It follows necessarily that plaintiff was without legal authority to collect from its customer, the defendant, the challenged items in its invoices representing additional charges for retailers' occupation tax."

Section 2 of the Bill provides that the gathering tax cannot be "passed on" to the producer. The implication is that the "gatherer" must either absorb the tax or "pass it on" to the transmission pipe line operator to be ultimately assumed by the consumer.

It is our conclusion that the terminology of Subdivision 2 of Section 1 and of Section 2 of the Bill is sufficient to determine the legislative intent and is adequate to accomplish the purposes for which they were included in the Bill. The legislative intent, when ascertained, is the law. City of Waco v. McCraw, 127 Tex. 268, 93 S.W.2d 717 (1936); Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681 (1941; leave to file petition for mandamus denied 315 U.S. 8, 1942); Thompson v. United Gas Corp., 190 S.W.2d 504 (Tex. Civ. App. 1945, error ref.); 39 Tex. Jur. 166, Statutes, Sec. 90.

This opinion is limited to the specific question asked and is not a ruling on the effectiveness or validity of the Bill as a whole.

### SUMMARY

Subdivision 2 of Section 1 and Section 2 of H.B. No. 7, Acts 51st Legislature, 1st C.S., 1950, relative to a gas gathering tax, are sufficiently definite to ascer-

tain the legislative intent and are adequate to accomplish the purposes for which they were inserted in the Bill.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By Frank Lake
Frank Lake
Assistant

W. V. Geppert
Taxation Division

Charles D. Mathews
Executive Assistant

FL/mwb