WILLIAM V. JOHNSON *et al.*, Plaintiffs-Appellants, *v.* MARSHALL FIELD AND COMPANY *et al.*, Defendants-Appellees.—(RONALD S. BAILIS *et al.*, Plaintiffs-Appellants, *v.* GOLDBLATT BROTHERS, INC. *et al.*, Defendants-Appellees.)

(No. 56215;

First District—November 29, 1972.

Stewart I. Gartner and Frank Glazer, both of Chicago, for appellants.

For appellees in *Johnson v. Marshall Field and Co.*:

Wilson & McIlvaine, of Chicago, (Kent Chandler, Jr. and Robert F. Forrer, of counsel,) for appellee Marshall Field and Co.

McDermott, Will & Emery, of Chicago, (Hamilton Smith and William G. Migely, of counsel,) for appellees Sears, Roebuck & Co. and Jewel Co.

Hopkins, Sutter, Owen, Mulroy & Davis, of Chicago, (Thomas W. Mulroy, Robert W. Patterson, and Michael F. Duhl, of counsel,) for appellee Montgomery Ward & Co.

Sidley & Austin, of Chicago, (J. Robert Barr and J. Douglas Donerfeld, of counsel,) for appellees Carson Pirie Scott & Co. and National Tea Co.

For appellees in *Bailis v. Goldblatt Brothers, Inc.*:

Arvey, Hodes & Mantynband, of Chicago, (Herman Smith, of counsel,) for appellees Great Atlantic & Pacific Tea Co. and Walgreen Co.

Fiffer & D'Angelo, of Chicago, (Alan N. Lasky, of counsel,) for appellee Steinberg-Baum Co.

Crowley, Barrett & Karaba, of Chicago, (Edward W. Barrett, of counsel,) for appellee Dominick's Finer Foods, Inc.

Morton Siegel, of Chicago, for appellee Armanetti, Inc.

Williams and Leonard, Ltd., of Chicago, (Robert F. Sharp, of counsel,) for appellee F. W. Woolworth Co.

Bernard Rosencranz, of Chicago, for appellee Goldblatt Bros., Inc.

James E. Manning, of Chicago, for appellee High-Low Foods, Inc.

Jack Edward Dwork, of Chicago, for appellee Kroch's & Brentano's Inc.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The plaintiffs appeal from an order entered in the Circuit Court of Cook County on April 8, 1971, dismissing Count II of their complaint.

Count II of the complaint was brought by the plaintiffs individually and as members of the class of persons they represent, to recover that sum of money in excess of the 4% Use Tax charged by the defendant retailers on selling prices of tangible personal property sold in those municipalities which impose a Municipal Retailers' Occupation Tax pursuant to the Municipal Retailers' Occupation Tax Act. (Ill. Rev. Stat., ch. 24, sec. 8—11—1.) In Count II the plaintiffs sought to recover an amount of money from the defendants for an unspecified time prior to the filing of the complaint. The plaintiffs also appeal from that part of the order entered by the trial court on April 8, 1971, striking Paragraph 10 of Count I of their complaint. Paragraph 10 of Count I alleged violations of certain sections of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat., ch. 121½, sec. 312 (9) and (12)), on the part of the defendants in collection of the Municipal Retailers' Occupation Tax.

The issues presented for review are: (1) whether the trial court properly dismissed Count II of the plaintiffs' complaint; and (2) whether the trial court properly struck Paragraph 10 of Count I of the plaintiffs' complaint which alleged the defendants were in violation of the Uniform Deceptive Trade Practices Act.

On August 24, 1970, William V. Johnson, individually, and as a member of a class of persons in Illinois who purchased tangible personal property at retail in municipalities imposing a Municipal Retailers' Occupation Tax, filed a complaint in the Circuit Court of Cook County against certain named defendants. Similarly, on September 9, 1971, Ronald S. Bailis, individually, and as a member of the same class as alleged in the Johnson complaint, filed a complaint in the Circuit Court of Cook County against other named defendants. Both complaints were subsequently consolidated for trial. On April 8, 1971, following a hearing on motions to dismiss the complaints, joined in by all the defendants in the consolidated cases, the trial court entered an order dismissing Count II of the plaintiffs' complaint with prejudice and without leave to amend. The trial court, in its order of April 8, 1971, stated Count II of the plaintiffs' complaint was dismissed because it did not allege a cause of action which satisfied the requisites of a class action for the recovery of money. In the same order, the trial court dismissed Paragraph 10 of Count I of the plaintiffs' complaint, wherein violations of the Uniform Deceptive Trade Practices Act by the defendants were alleged, as being substantially insufficient in law. The plaintiffs herein appeal from these findings by the trial court.

The first issue presented for review is whether the trial court properly dismissed Count II of the plaintiffs' complaint. The plaintiffs contend

the trial court's dismissal of Count II, for failure to allege a cause of action which satisfies the requisites of a class action for the recovery of money, was error.

In support of their contention that they have stated a satisfactory cause of action, the plaintiffs rely on the assertion that their cause of action is statutory since it arises from a violation of the Municipal Retailers' Occupation Tax. To further support their argument as to a statutory cause of action, the plaintiffs rely on certain decisions which arose under the predecessor to the Municipal Retailers' Occupation Tax, the Retailers' Occupation Tax. These decisions are, namely, *Winter v. Barrett* (1933), 352 Ill. 441; *Reif v. Barrett* (1934), 355 Ill. 104; and *Peoples Drug Shop, Inc. v. Moysey* (1943), 384 Ill. 283. The plaintiffs also attempt to draw a parallel between the instant case and the decision in *Pierce v. Pacini* (1970), 127 Ill.App.2d 1, an action which arose under the Service Occupation Tax Act.

We find the decisions relied upon by the plaintiffs in support of their contention easily distinguished in light of certain considerations which have been brought before this court. The first such consideration is the action of the Illinois General Assembly, which passed House Bill 2176 on June 24, 1971. House Bill 2176, effective July 1, 1971, amended the Municipal Retailers' Occupation Tax Act (Ill. Rev. Stat., ch. 24, sec. 8—11—1) and provided in part:

> "Preamble
>
> This act to amend the 'Municipal Retailers' Occupation Tax Act' and the 'Municipal Service Occupation Tax Act' expresses the intent of the General Assembly, and declares that intent to have been, since the inception of those Acts, that persons subject to the Municipal Retailers' Occupation Tax and Municipal Service Occupation Tax may reimburse themselves for their seller's or serviceman's tax liability under such taxes by separately stating the amount of such taxes as an additional charge.
>
> Be it enacted by the People of the State of Illinois, represented in the General Assembly:
>
> *    *    *
>
> Persons subject to any tax imposed pursuant to the authority granted in this Section may reimburse themselves for their seller's tax liability by separately stating such tax as an additional charge, which charge may be stated in combination, in a single amount, with State tax which sellers are required to collect under the 'Use Tax Act', pursuant to such bracket schedules as the Department may prescribe."

The plaintiffs contend the passage of House Bill 2176 is not re-

flective of the legislative intent of the Municipal Retailers' Occupation Tax Act passed in 1951. We do not accept this contention as valid. The law in Illinois is well settled that statutes are prospective in their operation and will not be construed to have retrospective operations unless the language used in the statute is so clear that it will admit of no other construction. (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367.) Moreover, it has been consistently held that the General Assembly's original intent may be ascertained from a subsequent statutory amendment. (*Lubezny v. Ball* (1945), 389 Ill. 263.) The situation presented by the General Assembly's passage of House Bill 2176, wherein it amends the Municipal Retailers' Occupation Tax Act (Ill. Rev. Stat., ch. 24, sec. 8—11—1), is a clear example of the retrospective operation of a statute through the passage of a subsequent statutory amendment. We, therefore, reject the plaintiffs' contention that the General Assembly's passage of House Bill 2176 is not reflective of the legislative intent of the Municipal Retailers' Occupation Tax Act.

■■ A second consideration in opposition to the plaintiffs' contention that the trial court erred in dismissing Count II of their complaint for failing to allege a satisfactory cause of action is the general practice of the Illinois Department of Revenue. It is the practice of the Department of Revenue to establish such bracket schedules as are necessary for the collection of taxes by retailers throughout the state. The Department of Revenue in Use Tax Rule 4 (5), 1 CCH State Tax Reporter, Ill., par. 63—031, established a tax collection bracket schedule wherein a retailer who is subject to the 1% Municipal Retailers' Occupation Tax and who elects to shift the burden of that tax to his customer while collecting the 4% Use Tax can utilize the bracket schedule and shift the burden of the Municipal Retailers' Occupation Tax to his customer.

The plaintiffs challenge the bracket schedule established by the Department of Revenue in Use Tax Rule 4 (5), *supra,* on the ground that such schedule is illegal and void. The basis for the plaintiffs' assertion is their view that the Department of Revenue has no authority to extend the substantive provisions of a legislative action, namely, the Municipal Retailers' Occupation Tax Act, in the absence of statutory authority to do so. In support of the claim the plaintiffs once again rely on those decisions which arose under the predecessor to the Municipal Retailers' Occupation Tax, the Retailers' Occupation Tax. The decisions are *Winter v. Barrett,* 352 Ill. 441; *Reif v. Barrett,* 355 Ill. 104; and *Peoples Drug Shop, Inc. v. Moysey,* 384 Ill. 283. The long recognized principle of statutory construction that a long-standing interpretation of a statute by an agency responsible for its enforcement may be entitled to great weight but that the agency's interpretation is not necessarily binding on

the court has also been raised by the plaintiffs in support of their contention. *Mississippi River Fuel v. Illinois Commerce Commission* (1953), 1 Ill.2d 509.

Both arguments urged in support of the plaintiffs' contention that the Department of Revenue has no authority to extend the substantive provisions of a legislative action would be well taken if the language of House Bill 2176 did not clearly authorize the use of "such bracket schedules as the Department [of Revenue] may prescribe." Any doubt as to the absence of statutory authority for the Department of Revenue to establish a bracket schedule wherein retailers are enabled to reimburse themselves for their tax liability is dispelled by the enactment of House Bill 2176. We therefore reject the plaintiffs' challenge of the Department of Revenue bracket schedule based on their reliance on both prior case law and principles of statutory construction.

■■■ A final consideration which weighs heavily in opposition to the plaintiffs' claim that they have alleged a satisfactory cause of action is the assertion by the defendant retailers of a contractual right to reimburse themselves for the tax liability imposed on them by the Municipal Retailers' Occupation Tax. Although the retailers state the existence of such contractual right is not expressly recited in the plaintiffs' allegations, the presence of such right is implicit in the allegations. More specifically, the retailers claim a contractual right is implied from the plaintiffs' allegations wherein they assert the retailers charged, and the plaintiffs paid, that amount needed to cover the Municipal Retailers' Occupation Tax in addition to the Use Tax as condition to the plaintiffs receiving the goods sought. Since it is elementary that a purchase and sale of goods is a contract, the parties having reached a meeting of the minds, the retailers assert a contractual right to reimburse themselves for the Municipal Retailers' Occupation Tax is implied by the plaintiffs' payment of that additional amount as a condition of sale.

This consideration raised by the retailers, although not as strong as the previous two, is worthy of merit in determining whether the plaintiffs have alleged a satisfactory cause of action. In an attempt to overcome the retailers' argument that the defendants have a contractual right to reimburse themselves, the plaintiffs rely on the case of *Peoples Drug Shop, Inc. v. Moysey, supra,* which arose under the Retailers' Occupation Tax. Unlike the instant case, however, *Peoples Drug Shop* presented a situation wherein the party contesting the payment of the tax refused to pay the Retailers' Occupation Tax when billed for it. In the instant case, the plaintiffs admittedly paid the Municipal Retailers' Occupation Tax when it was charged as a condition of sale. In light of this dis-

tinguishing aspect of the instant case, we reject the plaintiffs' reliance on *Peoples Drug Shop, Inc. v. Moysey,* and accept the retailers' argument that they have a contractual right to reimburse themselves.

In light of the three considerations discussed herein, we reject the plaintiffs' argument that the trial court erred in dismissing Count II of their complaint for failure to allege a satisfactory cause of action. Furthermore, since we have rejected the plaintiffs' argument for the aforementioned reasons, we find it unnecessary to discuss those class action contentions which the plaintiffs have raised.

■■ The second issue presented for review is whether the trial court properly struck Paragraph 10 of Count I of the plaintiffs' complaint, which alleged violations by the defendant retailers of certain sections of the Uniform Deceptive Trade Practices Act. Ill. Rev. Stat., ch. 121½, sec. 312 (9) and (12).

The plaintiffs contend the trial court erred when it struck Paragraph 10 of Count I of their complaint as being substantially insufficient in law. The basis for the plaintiffs' contention is their assertion that the actions of the defendants in passing the burden of the 1% Municipal Retailers' Occupation Tax on to the customer when the customer has no tax liability is a deceptive trade practice. In arriving at this conclusion, the plaintiffs primarily rely on section 312 (12) of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat., ch. 121½, sec. 312 (12) ), which provides in part:

> "A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:
>
> \* \* \*
>
> (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding."

Since the defendants were acting in compliance with Use Tax Rule 4 (5), *supra,* set forth by the Department of Revenue, when they reimbursed themselves for the Municipal Retailers' Occupation Tax they were required to pay by separately stating the amount of the tax as an additional charge in combination with the Use Tax, which they were required to collect, we must rely upon section 314 (1) of the Uniform Deceptive Trade Practices Act, which states:

> "This Act does not apply to:
>
> (1) conduct in compliance with the orders or rules of or a statute administered by a Federal, state or local governmental agency."

In light of this statutory section, and because the defendants were acting in compliance with the rules of a state agency, section 312 (12) of the Uniform Deceptive Trade Practices Act will not be applied. We,

therefore, necessarily find the defendants were not performing a deceptive trade practice, and the trial court properly struck Paragraph 10 of Count I of the plaintiffs' complaint where this was alleged.

For the reasons stated herein, the judgment of the Circuit Court of Cook County will be affirmed.

Judgment affirmed.

ADESKO and EGAN, JJ., concur.