RICHARD J. TROY, Petitioner, *v.* THE STATE BOARD OF ELECTIONS *et al.*, Respondents.

First District (2nd Division) Nos. 78-1390, 78-1599 cons.

Opinion filed June 3, 1980.

Richard J. Troy, of Sneider & Troy, of Chicago, for petitioner, *pro se.*

Michael Levinson, of State Board of Elections, of Chicago (John J. O'Toole, of counsel), for respondents.

· Mr. JUSTICE STAMOS delivered the opinion of the court:

Richard Troy, plaintiff, presented a verified complaint (see Ill. Rev. Stat. 1977, ch. 46, par. 9—20) before the Illinois State Board of Elections alleging that William Scott and Stanley Enlund (acting as chairman of Citizens for William J. Scott), had violated the provisions of the campaign disclosure act (Ill. Rev. Stat. 1977, ch. 46, par. 9—1 *et seq.*). Specifically, he claimed in two counts that, first, $16,000 of campaign committee funds had been diverted to legal fees generated by a Federal tax probe of Scott's finances; and, secondly, Scott had authorized the formation of a legal defense fund to solicit contributions for the candidate's personal use. He asked that Enlund be found in violation of the act and be forced to repay the $16,000 allegedly improperly expended. He also prayed that the Board find that the campaign disclosure act prohibits candidate solicitation of funds for personal use. Plaintiff, however, did not identify which specific provisions of the act were alleged to have been violated. See Ill. Rev. Stat. 1977, ch. 46, par. 9—20(3).

A hearing examiner was appointed, and a closed preliminary hearing was held during which the act required that plaintiff demonstrate his complaint was filed on justifiable grounds and that a public hearing on the matter should be held. (Ill. Rev. Stat. 1977, ch. 46, par. 9—21.) Scott and Enlund filed motions to dismiss the complaint without further hearing because no justifiable grounds existed. The motion was taken with plaintiff's case. Plaintiff presented a Federal court opinion pertaining to subpoenas issued by a grand jury investigating Scott, five newspaper clippings, and portions of the Enlund committee's campaign contribution reports. Plaintiff presented no other documents nor any sworn testimony to support his allegations.

Respondents submitted two sworn affidavits, one from an attorney who stated that he billed Scott separately for purely personal services,

and one from an accountant who averred that his firm had performed the billed services solely for the committee. Arguments were presented and the hearing examiner issued an opinion and recommendation dismissing the complaints. The examiner reasoned that the campaign disclosure act regulated only disclosure of expenditures and not the propriety of the disbursements. Since there was no question but that Scott had fully disclosed, and since the enforcement powers of the Board were limited to regulating disclosure, the examiner found the requirements of the act were satisfied and count I did not present justifiable grounds for further inquiry. Similarly, count II was also dismissed. The hearing examiner stated that allegations of future intent to raise funds for purely personal expenditures did not bring Scott's activities under the act. General counsel for the Board, who were also present at the hearing, examined the report and endorsed the recommendations contained therein.

The State Board of Elections, after consideration of the hearing examiner's report, review of the record, and examination of general counsel's opinion, found the complaints were not filed upon justifiable grounds. Pursuant to statute, the appeal was taken directly to the appellate court. Ill. Rev. Stat. 1977, ch. 46, par. 9—22(1).

■■■ Although a definition of "justifiable grounds" does not appear in the act or in the Board's rules and regulations (see Bernardini, *The Illinois State Board of Elections: A History and Evaluation of the Formative Years*, 11 J. Mar. J. 321, 340-42 (1978)), as applied by the hearing examiner and Board this generic term means some preliminary showing that the complaint was based on reasonable grounds and that the "violations" alleged were within the ambit of the Board's cognizance under the statute. (*Cf. Johnson v. Marshall Field & Co.* (1974), 57 Ill. 2d 272, 278, 312 N.E.2d 271 (interpretation of statute by concerned administrative agency is informed source for ascertaining legislative intent).) Thus, to sustain his burden under the act, plaintiff was required to make allegations with some degree of substance that acts were performed which constituted violations of the campaign disclosure act.

■■ The first count of plaintiff's complaint pertains to "personal" disbursements made out of campaign funds. He contends that funds Scott's committee paid attorneys and accountants were for both campaign and personal services. His proof, however, falls far short of that necessary to provide reasonable grounds for further inquiry since it consists only of newspaper stories, several of his own interviews, and inferences and assumptions to be drawn from increased payments to attorneys and accountants at the same time a Federal grand jury was conducting an investigation. In contrast, respondents submitted sworn affidavits averring that the services rendered to the committee were billed to the committee and that services to Scott personally were billed to Scott.

Furthermore, as the hearing examiner also indicated, there is no portion of the act which purports to regulate the disbursal of funds while the committee is a continuing, viable organization. (Compare Ill. Rev. Stat. 1977, ch. 46, par. 9—5 ("In no case shall these funds be used for the personal aggrandizement of any committee member or campaign worker [when funds remain upon dissolution of the political committee])".) Rather, the act is a disclosure statute, with sanctions for failure to account accurately for funds designated by the statute as contributions (Ill. Rev. Stat. 1977, ch. 46, par. 9—1.4), and expenditures (Ill. Rev. Stat. 1977, ch. 46, par. 9—1.5), and for noncompliance with organizational, advertising and accounting provisions. (Ill. Rev. Stat. 1977, ch. 46, pars. 9—2 through 9—14.) The act provides the Board of Elections with power to administer the reporting provisions, promulgate rules and regulations, report apparent violations to law enforcement agents, and hold investigations, inquiries and hearings concerning any matter covered by the act. (Ill. Rev. Stat. 1977, ch. 46, pars. 9—15, 9—16, 9—18, 9—19, 9—21, 9—23.) None of the above provisions gives the Board the authority to question the propriety of disbursals (we use the word "disbursal" rather than "expenditures" because expenditure, by definition in the statute, would not include personal, nonpolitically connected disbursals), whether for political or nonpolitical accounts. It is clear that other than the provision precluding personal disbursements upon dissolution, the act is designed to mandate and regulate the extent and explicitness of campaign disclosure but not to allow inquiry into the seemliness or legality of personal vis-a-vis political disbursals. The statutory provision which established the State Board of Elections and its duties and powers specifically limits the Board's authority to those areas prescribed by the statute. (Ill. Rev. Stat. 1977, ch. 46, par. 1A—1.) Additionally, it has long been held that the power of an administrative agency is closely limited to that conferred on it by the statute which created it. (*People ex rel. Brundage v. Righeimer* (1921), 298 Ill. 611, 618, 132 N.E. 229; *Department of Public Works & Buildings v. Ells* (1962), 23 Ill. 2d 619, 179 N.E.2d 679.) Plaintiff's reading of the statute, allowing the Board authority and sanctioning power over the actual correctitude of disbursements, would overreach the bounds of the act and accordingly circumvent legislative intent. The invitation to substitute our judgment for that of the Board must be declined, and such an expansive interpretation rejected. (See generally *DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 489, 202 N.E.2d 522.) The dismissal as to count I is therefore affirmed.

The second count also fails to present justifiable grounds for further inquiry by the Board. As the hearing officer noted, plaintiff's allegations of impropriety in the solicitation of legal defense funds are based upon a newspaper article which reports that Scott's attorneys were investigating

the legality of formation of such a fund. Once again, the evidence presented during the hearing fails to support a cause of action under the act. First, plaintiff has failed to substantiate or even to allege in this count present or past violations of the act. Second, plaintiff has alleged that Scott intended to collect the funds for "personal use," yet plaintiff concludes that "solicitation of funds for the use of a political candidate must be construed to be 'political contributions' as that term is defined in the Act." Plaintiff, however, as also noted by the hearing officer, has failed to present evidence which would demonstrate such a fund to be comprised of political contributions as those are defined by the act, that is, funds received "in connection with the nomination for election, or election" of a political candidate. (Ill. Rev. Stat. 1977, ch. 46, par. 9—1.4.) Without at least a minimal preliminary showing of a political connection, any funds, if indeed ever raised, remain personal to Scott and not subject to the disclosure requirements of the act in its present form.

Accordingly, the ruling of the Board dismissing plaintiff's complaint for lack of justifiable grounds to conduct further inquiry is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.