**ALLEGHENY GENERAL HOSPITAL, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**International Union of Operating Engineers, Local 95–95A, AFL–CIO, Intervenor.**

**ALLEGHENY GENERAL HOSPITAL, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 77–2090 and 79–1085.**

United States Court of Appeals, Third Circuit.

Argued Oct. 9, 1979.

Decided Nov. 7, 1979.

H. Woodruff Turner, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for petitioner.

---

Paul Spielberg, N.L.R.B., Washington, D.C., argued for respondent.

Timothy P. O'Reilly, Jacobs, Frobouck & Stabile, Pittsburgh, Pa., and Michael R. Fanning, Int'l Union of Operating Engineers, Washington, D.C., argued for intervenor, Int'l Union of Operating Engineers, etc.

Before ALDISERT and HUNTER, Circuit Judges, and CAHN, District Judge.*

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

This petition for review of an order of the National Labor Relations Board requires us to review the actions of an agency that declines to follow our precedent while conceding applicability of that precedent. We hold that the NLRB must respect the applicable decisions of this court, and therefore we grant the petition for review and deny the Board's cross-petition for enforcement.

In 1971, Local 95 of the International Union of Operating Engineers filed a petition with the Pennsylvania Labor Relations Board (PLRB) seeking determination of the appropriate bargaining unit at Allegheny General. The PLRB conducted a hearing and concluded that the appropriate unit would consist of sixty-six persons, eighty-five percent from the maintenance department and the remainder from one occupation in the housekeeping department. Local 95 won the representation election, and Allegheny General appealed the bargaining unit issue through the Pennsylvania court system. Meanwhile, the 1974 Health Care Amendments to the National Labor Relations Act, Pub.L. No. 93–360, 88 Stat. 395 (codified in scattered sections of 29 U.S.C.), were passed and became effective. After the effective date of the amendments, Local 95 filed unfair labor practice charges with the NLRB against Allegheny General, alleging interference with the exercise of employee rights in violation of § 8(a)(1) of the National Labor Relations

Act, 29 U.S.C. § 158(a)(1), and refusal to bargain with the elected representatives of its employees in violation of § 8(a)(5) of the Act, 29 U.S.C. § 158(a)(5). After a hearing, the Administrative Law Judge held that the dispute was governed by the rule in *Memorial Hospital v. NLRB*, 545 F.2d 351 (3d Cir. 1976), which denied enforcement of a Board order because the board granted comity to a PLRB determination of the appropriate bargaining unit rather than making its own determination. The ALJ therefore recommended dismissal of the complaint. The Board, speaking through Chairman Fanning and Member Jenkins, declined to follow *Memorial Hospital* and found Allegheny General in violation of the Act. 230 N.L.R.B. 954, 958 (1977). Member Penello dissented. *Id.* at 960. Allegheny General's initial petition to this court for review was dismissed on the Board's motion for an opportunity to reconsider in light of our decision in *St. Vincent's Hospital v. NLRB*, 567 F.2d 588 (3d Cir. 1977), which exhaustively examined the legislative history of the Health Care Amendments and held that traditional standards used to determine appropriate bargaining units are inapplicable to hospital bargaining units.

On reconsideration, the Board affirmed its original position, 239 N.L.R.B. No. 81, 100 L.R.R.M. 1030 (1978), conceding the applicability of both *Memorial Hospital* and *St. Vincent's Hospital*, but "respectfully disagree[ing]" with the results in both decisions. The Board stated:

> In *Memorial Hospital of Roxborough v. N.L.R.B.*, the court held that the extension of comity to a PLRB certification where, as here, the parties had contested the underlying unit determination was contrary to the Act. We respectfully disagree with that holding and believe that the circumstances of this case demonstrate why the Board's policy regarding comity is consistent with the Act.
>
> In *St. Vincent's Hospital v. N.L.R.B.*, the court decided that the legislative his-

---

* Honorable Edward N. Cahn, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

tory of the 1974 amendments to the Act . . . precluded the Board from finding appropriate separate units of maintenance and powerhouse employees at health care institutions. . . . After carefully reconsidering the legislative history of the 1974 amendments, we have concluded, that, with all due respect to the court, Congress did not intend to prohibit such units. . . . Also in its decision in *St. Vincent's Hospital v. N.L.R.B.*, the court went on to conclude that the legislative history of the 1974 amendments also precluded the Board from relying on its traditional community-of-interest criteria in making unit determinations in the health care industry. On this point, too, we must respectfully disagree.

239 N.L.R.B. at ——, 100 L.R.R.M. at 1031 (footnotes omitted). The Board also indicated that its traditional standards for bargaining unit determinations would produce the same result reached by the PLRB, concluding that "[t]here is therefore no reason for refusing to extend comity here." 239 N.L.R.B. at ——, 100 L.R.R.M. at 1037. Member Penello again dissented. 239 N.L.R.B. at ——, 100 L.R.R.M. at 1038. Allegheny General refiled its petition in this court.

Before this court, the NLRB and Local 95, as intervenor, make three arguments. First, they argue that, under the appropriate standard for reviewing Board orders, we must enforce the order if the legal theory used by the Board is "reasonably defensible." *See* Brief for Appellee at 16, citing *Ford Motor Co. v. NLRB,* 441 U.S. 488, 99 S.Ct. 1842, 60 L.Ed.2d 420 (1979). Second, they attack both decisions as wrongly decided, reasserting the same positions the Board took in those cases. Finally, the Board by its brief seeks to convince us that it did in fact satisfy the requirements of *Memorial Hospital.* We reject all three arguments.

The Board's initial contention is that, although this court has disagreed with it on the issues of comity and appropriate hospital bargaining units, we must never-

theless enforce the Board order because it is a "reasonably defensible" construction of the National Labor Relations Act. We reject this attempt to emasculate judicial review of NLRB orders by a resort to an isolated phrase taken out of its context in the Supreme Court's opinion—a "fallacy of vicious abstraction."[1] The full quotation from *Ford Motor Co.* is:

> Of course, the judgment of the Board is subject to judicial review; but if its construction of the statute is reasonably defensible, it should not be rejected merely because the courts might prefer another view of the statute. *NLRB v. Iron Workers,* 434 U.S. 335, 350, [98 S.Ct. 651, 660, 54 L.Ed.2d 586] (1978). In the past we have refused enforcement of Board orders where they had "no reasonable basis in law," either because the proper legal standard was not applied or because the Board applied the correct standard but failed to give the plain language of the standard its ordinary meaning. *Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 166, [92 S.Ct. 383, 390, 30 L.Ed.2d 341] (1971). We have also parted company with the Board's interpretation where it was "fundamentally inconsistent with the structure of the Act" and an attempt to usurp "major policy decisions properly made by Congress." *American Ship Building Co. v. NLRB,* 380 U.S. 300, 318, [85 S.Ct. 955, 967, 13 L.Ed.2d 855] (1965).

441 U.S. at 497, 99 S.Ct. at 1849. In *NLRB v. Brown,* 380 U.S. 278, 290, 85 S.Ct. 980, 13 L.Ed.2d 839 (1965), the Court rejected an argument similar to the one advanced by the Board in this case, declaring:

> Courts are expressly empowered to enforce, modify or set aside, in whole or in part, the Board's orders, except that the findings of the Board with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive. National Labor Relations Act, as amended, §§ 10(e), (f), 29 U.S.C. §§ 160(e), (f) (1958 ed.). . . .

---

1. W. Sahakian & M. Sahakian, Ideas of Great Philosophers 15–16 (1966).

Reviewing courts are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute. Such review is always properly within the judicial province, and courts would abdicate their responsibility if they did not fully review such administrative decisions.

380 U.S. at 290–92, 85 S.Ct. at 988 (footnote omitted).

We conclude, therefore, that the standard of review advanced by the Board is too narrow. The construction put on a statute by the agency charged with administering it is entitled to deference by the courts, and ordinarily that construction will be affirmed if it has a "reasonable basis in law," *Unemployment Compensation Commission v. Aragon*, 329 U.S. 143, 153–54, 67 S.Ct. 245, 91 L.Ed. 136 (1946); *NLRB v. Hearst Publications, Inc.*, 322 U.S. 111, 131, 64 S.Ct. 851, 88 L.Ed.2d 1170 (1944), but "[t]he deference owed to an expert tribunal cannot be allowed to slip into a judicial inertia which results in the unauthorized assumption by an agency of major policy decisions properly made by Congress," *American Ship Building Co. v. NLRB*, 380 U.S. 300, 318, 85 S.Ct. 955, 967, 13 L.Ed.2d 855 (1965); *see also Beth Israel Hospital v. NLRB*, 437 U.S. 483, 501, 98 S.Ct. 2463, 57 L.Ed.2d 370 (1978).

## II.

■ The second argument advanced by the Board and by Local 95 is that the decisions in *Memorial Hospital* and *St. Vincent's Hospital* are incorrect. In *Memorial Hospital*, a case nearly identical to the instant case, we considered the Board's approval of a bargaining unit of hospital maintenance employees. The Board had based its approval on a determination by the PLRB that the unit was proper. We held that § 9(b) of the Act, 29 U.S.C. § 159(b), "requires the Board to exercise its discretion as to an appropriate unit in each and every case" and concluded that this responsibility could not properly be delegated to state agencies. 545 F.2d at 360. In

*St. Vincent's Hospital* the Board attempted to apply traditional "community-of-interest" standards in certifying a unit of hospital boilermen. We exhaustively reviewed the legislative history of the health care amendments and concluded that the history

makes it quite clear that Congress directed the Board to apply a standard in this field that was not traditional. . . . A mechanical reliance on traditional patterns based on licensing, supervision, skills and employee joint activity simply does not comply with congressional intent to treat this unique field in a special manner.

567 F.2d at 592. The Board would have us overrule those decisions. In so arguing, it relies on the same analysis it presented to this court when those two decisions were rendered. Thus, this is not a case in which the Board has attempted to follow precedent by demonstrating how the material facts in this case differ from the facts of the cases in which the rules were made. On the contrary, this is a most unusual circumstance in which a federal agency has refused to apply the law announced by the federal judiciary. The Board has publicly stated in its decision that "[w]e respectfully disagree with [the] holding" in *Memorial Hospital*, 239 N.L.R.B. at ——, 100 L.R.R.M. at 1031, and that "we must respectfully disagree" with the conclusion in *St. Vincent's Hospital, Id.* at ——, 100 L.R.R.M. at 1031. So that there would be no doubt about the Board's candor, it emphasized that it also "disagree[d] with the court on what Congress meant by [the] term ['proliferation']." *Id.* at ——, 100 L.R.R.M. at 1034.

Member Penello's dissent, quoting liberally from our decisions, demonstrated the division within the NLRB:

In three major cases, two arising within the jurisdiction of the Third Circuit, and one within that of the Seventh Circuit, [*NLRB v. West Suburban Hospital*, 570 F.2d 213 (7th Cir. 1978)], courts of appeal have declared in no uncertain terms that the Board must take heed of the congressional admonition against unit

proliferation when deciding upon appropriate units in health care institutions.

In [*Memorial Hospital*], the court denied enforcement to a Board Order requiring the employer to bargain with the union as the representative of the employees in its maintenance department. In the course of its opinion, the court noted that, "[T]he legislative history of these [hospital] amendments does indicate the special concern of Congress with respect to appropriate units in this industry," and that Congress "interjected a special consideration into the Board's determination of appropriate units in the health care industry." The court held that the Board's Order, based as it was upon an extension of comity to a state labor board's unit determination, was not entitled to enforcement, because the Board had not exercised *its own* discretion under Section 9(b) of the Act to find units appropriate nor had it "complied with the Congressional admonition that it consider proliferation of units in the health care industry."

The same circuit court also denied enforcement to the Board's bargaining order in *St. Vincent's*, in which case . . the Board found appropriate a unit confined to five boiler room operators. Contrary to my colleagues, the court, in so doing, did not misinterpret the legislative history of the 1974 amendments to the Act, and it certainly did not find that the Board was "precluded . . . from relying upon its traditional community-of-interest criteria in making unit determinations in the health care industry." Rather, the court simply informed the Board that it may not depend solely upon its customary community-of-interest test in making such determinations, but must give weight as well to the intent of Congress that units in health care facilities not be allowed to multiply . . ..

239 . N.L.R.B. at ———, 100 L.R.R.M. at 1044–45 (footnotes omitted).

### A.

We have no intention of reappraising the determinations of two relatively recent decisions of this court, especially when the Board has failed to cite subsequent events that would render those decisions no longer tenable.[2] Indeed, since these decisions two other circuits have expressly relied on them in reviewing orders of the NLRB. The United States Courts of Appeals for the Second and Seventh Circuits have recently refused to enforce Board orders that were based on use of traditional bargaining unit standards to determine hospital bargaining units. *NLRB v. Mercy Hospital Assoc.*, 606 F.2d 22, at 26–28 (2d Cir. 1979); *NLRB v. West Suburban Hospital*, 570 F.2d 213, 216 (7th Cir. 1978); *cf. Bay Medical Center, Inc. v. NLRB*, 588 F.2d 1174, 1178 (6th Cir. 1978) (holding that the bargaining unit determination was reasonable because the Board had balanced the need to prevent undue proliferation of hospital bargaining units against the need to preserve historical bargaining relationships), *cert. denied,* ——— U.S. ———, 100 S.Ct. 53, 62 L.Ed.2d 35 (1979). Instead of reappraising determinations that have been endorsed by our sister circuits, we must reaffirm certain fundamental tenets of the doctrine of *stare decisis* and thus reassert the power of the federal judiciary to interpret statutes enacted by Congress.

The essence of the common law doctrine of precedent or *stare decisis* is that the rule of the case creates a binding legal precept. The doctrine is so central to Anglo-American jurisprudence that it scarcely need be mentioned, let alone discussed at length. A judicial precedent attaches a specific legal consequence to a detailed set of facts in an adjudged case or judicial decision, which is then considered as furnishing the rule for the determination of a subsequent case involving identical or similar material facts

---

**2.** Under the Internal Operating Procedures of this court, one panel may not overrule a decision of a previous panel. Only the court sitting in banc may do so. United States Court of Appeals for the Third Circuit, Internal Operating Procedures 25 (2d revision 1978). The circuit judges on this panel do not request in banc reconsideration.

and arising in the same court or a lower court in the judicial hierarchy.[3]

Almost seventy years ago, Henry Campbell Black emphasized certain aspects of the doctrine of *stare decisis*:

First. . . . [P]recedents set by the higher courts . . . are conclusive on the lower courts, and leave to the latter no scope for independent judgment or discretion.

Second. The judgments of the highest court in any judicial system . . . are binding on all other courts when they deal with matters committed to the peculiar or exclusive jurisdiction of the court making the precedent. . . .

Third. It is the duty of a court of last resort to abide by its own former decisions, and not to depart from or vary them unless entirely satisfied, in the first place, that they were wrongly decided, and, in the second place, that less mischief will result from their overthrow than from their perpetuation.[4]

### B.

A decision by this court, not overruled by the United States Supreme Court, is a decision of the court of last resort in this federal judicial circuit. Thus our judgments in *Memorial Hospital* and *St. Vincent's Hospital* are binding on all inferior courts and litigants in the Third Judicial Circuit, and also on administrative agencies when they deal with matters pertaining thereto. We express no personal criticism of an independent federal agency that refuses to accept a judicial determination of this court. We attribute no ulterior motives to the distinguished members of the Board who have publicly, although respectfully, expressed disagreement with this court. But the Board is not a court nor is it equal to this court in matters of statutory interpretation. Thus, a disagreement by the NLRB with a decision of this court is simply an academic exercise that possesses no authoritative ef-

fect. It is in the court of appeals and not in an administrative agency that Congress has vested the power and authority to enforce orders of the NLRB. 29 U.S.C. § 160(e). It is in this court that Congress has vested the power to modify or set aside an order of the NLRB. 29 U.S.C. § 160(f). In 1803, Chief Justice John Marshall, speaking for a unanimous Court, concisely stated the fundamental principle on which we rely: "It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. If two laws conflict with each other, the courts must decide on the operation of each." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803). Thus, it is in this court by virtue of its responsibility as the statutory court of review of NLRB orders that Congress has vested a superior power for the interpretation of the congressional mandate. Congress has not given to the NLRB the power or authority to disagree, respectfully or otherwise, with decisions of this court. *See Volkswagenwerk Aktiengesellschaft v. FMC*, 390 U.S. 261, 272, 88 S.Ct. 929, 19 L.Ed.2d 1090 (1968). For the Board to predicate an order on its disagreement with this court's interpretation of a statute is for it to operate outside the law. Such an order will not be enforced.

### III.

■ Finally, the Board contends in its brief that it has satisfied the requirement of an independent exercise of discretion that we laid down in *Memorial Hospital*. It bases this claim on part IV of its supplemental opinion, which states that "applying the test of American Cyanamid Company [131 N.L.R.B. 909 (1961)] to the facts found here by the PLRB, we would reach the same result the PLRB did." 239 N.L.R.B. at ——, 100 L.R.R.M. at 1037. In response

---

3. See, *inter alia*, the observations of Henry Campbell Black, Sir William Blackstone, John Hanna, Roscoe Pound, Richard A. Wasserstrom, Rupert Cross, Herman Oliphant, and

Thomas S. Currier, collected in R. Aldisert, The Judicial Process 777–801 (1976).

4. H. C. Black, Law of Judicial Precedents 10 (1912).

to this claim, we note that the *American Cyanamid* decision advances traditional community of interest standards including level of skill, interaction between departments, and shared supervision. *American Cyanamid* does not, in any way, consider the effects of bargaining unit fragmentation or the special public interest in hospital unit determination. Accordingly, it is clear that the Board's purported "exercise of discretion" is in direct conflict with our holding in *St. Vincent's Hospital* and is, therefore, unacceptable.[5]

Accordingly, the petition for review by Allegheny General Hospital will be granted and the order of the Board set aside. The application by the Board for enforcement of the order will be denied.

5. Because of our resolution of this issue, we need not decide whether the Board's "exercise of discretion" based on the facts found by the PLRB satisfies the requirements of *Memorial Hospital.* We note only that an independent exercise of discretion may require independent fact finding particularly when the standards to be applied differ from those applied by the original fact finder or when there are allegations that additional facts may be relevant.