No. 3--00--0723

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2001

ROBERT D. MOSIMAN, ) Appeal from the Circuit Court

Indiv. and on Behalf of ) for the 10th Judicial Circuit,

a Class of Similarly Situated ) Peoria County, Illinois

Individuals, ) 

Plaintiff-Appellant, ) 

) 

v. ) 

) 

BMW FINANCIAL SERVICES NA, )

INC., a Delaware Corporation ) No. 99--MR--278

Authorized to do Business in )

the State of Illinois; JOE )

McCARTHY OLDS-GMC TRUCK, INC.,) 

an Illinois Corporation, d/b/a) 

Joe McCarthy Olds, Inc., and )

d/b/a Joe McCarthy; and JOE ) Honorable

McCARTHY, Indiv., ) Richard E. Grawey

Defendants-Appellees. ) Judge, Presiding

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

PROCEDURAL HISTORY

Plaintiff Robert D. Mosiman entered into a three-year lease with defendant Joe McCarthy Olds-GMC Truck, Inc. (McCarthy Olds) for a new BMW roadster.  The lease was provided by defendant BMW Financial Services NA, Inc. (BMW), and assigned all right, title and interest in the vehicle to BMW.  

One month later, Mosiman filed a five-count complaint individually and as a class action against defendants BMW, McCarthy Olds and Joe McCarthy individually (collectively BMW), alleging that BMW violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 
et
 
seq
. (West 1998)).  Additionally, Mosiman asserted claims of common law fraud, conspiracy and unjust enrichment. 

BMW filed a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (West 1998)).  The trial court granted the motion and Mosiman appealed.  We affirm and hold that an automobile lease is not fraudulent or in violation of the Illinois Consumer Fraud Act when it combines reimbursement of the use tax with other fees and taxes assessed rather than identifying the use tax reimbursement separately. 

FACTS   

Most states impose a tax on the lease of a motor vehicle.  Lessees typically pay the tax for each month the vehicle is leased.  In Illinois, the tax is imposed on the "user" of the property. 35 ILCS 105/3 (West 1998).  Thus, it is called a use tax.  But, unlike other states, Illinois law defines the term "user" as the owner-lessor of the property. 
Continental Illinois Leasing Corp. v. Department of Revenue
, 108 Ill. App. 3d 583, 439 N.E.2d 118 (1982).  Also unique to Illinois, the total use tax is commonly passed on to the lessee at the time the lease is signed.

On appeal, Mosiman suggests that use of the BMW lease constituted an unfair and deceptive business practice under Illinois’ Consumer Fraud Act because Illinois lessees pay far more taxes than other states’ consumers leasing the same vehicle.  This is because Illinois lessees pay the entire use tax, no matter how long their lease term, while other states’ residents pay a monthly use tax fee only so long as the vehicle is leased. 

The parties do not debate that in Illinois lessors may contractually seek reimbursement from lessees for any use tax paid. See 
Johnson v. Marshall Field & Co.
, 57 Ill. 2d 272, 312 N.E.2d 271 (1974).  Rather, the parties debate whether the lease utilized by BMW sufficiently informs lessee that it is contracting to pay lessor’s entire use tax no matter the length of its lease.  Accordingly, a careful review of the lease at issue is necessary.

Within section 11 of the lease, Mosiman’s monthly payment is calculated.  At line 11A, the "gross capitalized cost" of his vehicle is listed and defined as "the agreed upon value of the Vehicle [here $42,900] and any item you pay over the Lease Term (such as service contracts, insurance, and any outstanding prior credit or lease balance.)"  The gross capitalized cost of Mosiman’s vehicle was listed as $46,573.76.  This figure includes the use tax of $2,684.06.  Mosiman could have checked a box that appears below the gross capitalized cost to receive an itemization of that cost, but he did not. 

Section 14 lists the "OFFICIAL FEES AND TAXES," defined as the "total estimated amount you will pay for official and license fees, registration, title and taxes over the Lease Term, whether included in the Monthly Payment or otherwise assessed."  The official fees and taxes listed on Mosiman’s lease total $3,244.76.  The parties agree that the use tax is also encompassed within that figure.  Finally, section 32 on the reverse side of the lease provides in part: "32. TAXES, REGISTRATION AND TITLING. You must pay when due all registration, title, license, inspection fees and other official fees and taxes (other than our income taxes) in connection with this Vehicle."

ANALYSIS

The sole issue on appeal is whether the trial court erred when it granted BMW’s motion to dismiss Mosiman’s complaint pursuant to section 2-615 of the Civil Code.

When a complaint is dismissed pursuant to section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 1998)), the standard of review is 
de
 
novo
. 
Vernon v. Schuster
, 179 Ill. 2d 338, 688 N.E.2d 1172 (1997).  The question presented in a section 2-615 motion is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. 
Vernon
, 179 Ill. 2d at 344, 688 N.E.2d at 1175.

BMW argued in the trial court that Mosiman failed to state a cause of action because (1) there was nothing deceptive about the lease; (2) BMW had no duty to disclose any of the facts Mosiman contended were important; and (3) Mosiman failed to allege critical elements of the causes of action he pled.  On appeal, 
Mosiman first attacks BMW’s contention that BMW cannot have committed common law fraud nor violated Illinois’ Consumer Fraud Act because it complied with federal law.  Specifically Mosiman suggests that federal law is inapplicable because Mosiman’s lease price exceeds the $25,000 price cap in the federal Consumer Leasing Act (see 15 U.S.C. §1667(1) (1994)) and, even assuming its application, BMW did not properly disclose the use tax in compliance with federal law.     

Congress has enacted requirements for consumer leases codified in the Consumer Leasing Act (15 U.S.C. §1667 (1994)) and in Federal Reserve Regulation M (Regulation M) (12 C.F.R. pt. 213 (2000)).  A defendant’s compliance with the Consumer Leasing Act is a defense to a plaintiff’s Consumer Fraud Act claims. See 
Robinson v. Toyota Motor Credit Corp.
, 315 Ill. App. 3d 1086, 735 N.E.2d 724 (2000). 

The Consumer Leasing Act applies to various types of consumer leases with a total contractual obligation not exceeding $25,000.  As Mosiman contends, the Consumer Leasing Act does not technically apply because Mosiman’s lease price of $25,292 slightly exceeds the Leasing Act’s cap of $25,000.  But, BMW’s compliance with the Consumer Leasing Act, despite being exempt from it, would constitute persuasive evidence that Mosiman received sufficient disclosure.  Accordingly, we review the relevant provisions of the Consumer Leasing Act and Regulation M to determine whether BMW substantially complied with federal law.

Regulation M permits lessors to include taxes as part of the "items" in the gross capitalized cost calculation. 12 C.F.R. §213.2(f) (2000).  BMW included the use tax within the gross capitalized cost listed on Mosiman’s lease at line 11A.  Though Regulation M includes a list of items lessors must disclose as part of the gross capitalized cost, taxes are not part of that list. 12 C.F.R. §213.4(f)(1) (2000).  Still, Regulation M requires that a tax, which is payable by lessor but passed on to the consumer and which is reflected in the lease documentation, be disclosed under section 213.4(n). 12 C.F.R. pt. 213, Supp. I(4)(n)(1)(iii) (2000). 

Section 213.4(n) requires disclosure of "fees and taxes" which are described as "the total dollar amount for all official and license fees, registration, title, or taxes required to be paid in connection with the lease." 12 C.F.R. §213.4(n) (2000).  Section 14 of BMW’s lease lists "official fees and taxes" which are described using nearly the same language utilized by section 213.4(n).  This is a second place where BMW included the use tax within Mosiman’s lease. 

Finally, federal law creates a model form for lessors to use. See 12 C.F.R. pt. 213. App. A-2 (2000).  BWM used substantially the same language as that found in the federal model form to describe its official fees and taxes and the gross capitalized cost.  Therefore, considering that BMW listed the use tax in two places in its lease and used substantially the same language as the model form, we find Mosiman’s contention that BMW did not comply with federal law to be without merit.

In light of BMW’s compliance with federal law despite being exempt from it, Mosiman can prevail only if he can show that Illinois law requires lessors to inform lessees that they are paying lessor’s use tax in a more direct manner than was done in the BMW lease.  Mosiman relies primarily upon Illinois’ Consumer Fraud Act. 

To state a cause of action under the Consumer Fraud Act, a plaintiff must plead (1) a deceptive act or practice by the defendant; (2) the defendant’s intent that the plaintiff rely on the deception; and (3) that the deception occurred in the course of trade or commerce. 
Robinson
, 315 Ill. App. 3d at 1095, 735 N.E.2d at 732.  A plaintiff may allege that conduct is unfair under the Consumer Fraud Act without alleging that the conduct is deceptive. 
Saunders v. Michigan Avenue National Bank
, 278 Ill. App. 3d 307, 662 N.E.2d 602 (1996).  To be unfair, the defendant’s conduct must (1) offend public policy; (2) be so oppressive that the consumer has little alternative but to submit; and (3) cause consumers substantial injury. 
Saunders
, 278 Ill. App. 3d at 313, 662 N.E.2d at 608.

Mosiman suggests that use of BMW’s lease is both unfair and deceptive.  For this proposition, Mosiman relies upon a private letter ruling issued September 20, 1991, from the Illinois Department of Revenue.  It provides that parties to a lease may agree that lessee will reimburse lessor for the use tax which lessor paid; however, lessor must make clear to lessee that the charge is a reimbursement and not a tax on the lease. Dept. of Revenue, Private Letter Ruling No. 91-0701 (September 20, 1991).  

Mosiman contends that section 32 of the lease, which BMW did not obtain from the federal model form, does not make clear that  Mosiman is reimbursing BMW for its payment of use tax but, rather, is worded in such a way that it would appear the tax was imposed upon himself rather than BMW. 

Section 32 provides in relevant part:

"32. TAXES, REGISTRATION AND TITLING. You must pay when due all registration, title, license, inspection fees and other official fees and taxes (other than our income taxes) in connection with the Vehicle."  

While we agree with Mosiman that section 32 would not alert a lessee that (s)he is actually reimbursing BMW for its use tax paid, the private letter ruling upon which Mosiman relies is not controlling authority. See 
Union Electric Co. v. Department of Revenue
, 136 Ill. 2d 385, 556 N.E.2d 236 (1990) (private letter rulings have no precedential effect).  Additionally, the Illinois Motor Vehicle Leasing Act (Vehicle Leasing Act) (815 ILCS 636/1 
et
 
seq
. (West 1998)), enacted subsequent to the private letter ruling, does not require disclosure of use tax reimbursements or an explanation of how the use tax operates.  Rather, like the federal Consumer Leasing Act, Illinois’ Vehicle Leasing Act allows lessors to aggregate taxes in the gross capitalized cost (815 ILCS 636/10.25, 25(e)(2) (West 1998)) rather than itemize them separately. 

Additionally, we find it persuasive that Mosiman could have received an itemization of the fees and taxes he was contracting to pay by checking a box under the listing of the gross capitalized cost of the vehicle at line 11A.  This method for disclosing fees and taxes is similarly utilized by the federal model form.  Mosiman failed to check the box.  Had Mosiman taken greater care in reviewing the lease prior to signing it, he would have been alerted to the presence of the use tax. 

Finally, there is nothing novel about the shifting of a tax burden to the consumer.  Merchants have a contractual right to reimburse themselves for tax payments as a condition of sale. See 
Johnson
, 57 Ill. 2d at 276, 312 N.E.2d at 274.  

Mosiman cites to no law in Illinois and, indeed, we find none, that requires lessors to separately and specifically disclose the inclusion of the use tax in their leases.  Accordingly, we cannot agree with Mosiman that BMW engaged in fraud through the use of its lease or that it deceived Mosiman into contracting to pay its use tax.

We do not dispute the perceived inequality in Illinois lessees paying the whole of a lessor’s use tax no matter the length of their lease, while other states’ residents only pay use tax proportionate to the length of the lease.  But, the effect of Illinois’ somewhat unique use tax law, which Mosiman does not assert is unconstitutional, is a matter best reserved to the legislature and not this court.  In the meantime, lessees are free to negotiate with lessors for a more advantageous lease price or to lease their vehicles from some other dealer or manufacturer.

Having determined that BMW did not engage in fraud or unfairness, we need not address Mosiman’s remaining claims that he sufficiently alleged that BMW’s claimed misrepresentations were material and sufficiently alleged causes of action for conspiracy and unjust enrichment.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

LYTTON and SLATER, JJ. concur.