THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AARON D. SWIFT, Defendant-Appellant.

Second District    No. 2—99—1156

Opinion filed May 22, 2001.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BYRNE delivered the opinion of the court:

Following a jury trial, defendant, Aaron D. Swift, was convicted of first-degree murder (720 ILCS 5/9—1(a)(2) (West 1998)). During sentencing, the trial court found that the offense of first-degree murder committed by defendant was exceptionally brutal or heinous behavior indicative of wanton cruelty and merited an extended-term sentence of 80 years' imprisonment pursuant to section 5—8—2(a) and section 5—5—3.2(b)(2) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—2(a), 5—5—3.2(b)(2) (West 1998)). On appeal, defendant does not challenge the sufficiency of the evidence. Instead, he argues that the recent United States Supreme Court decision of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), mandates the reduction of his sentence. Defendant failed to raise this issue in the trial court below; however, we will review it as plain error because it affects a fundamental right. See *People v. Keene*, 296 Ill. App. 3d 183, 186 (1998). For the reasons that follow, we affirm defendant's conviction, vacate his sentence, and remand the cause for resentencing.

In *Apprendi*, the Supreme Court held unconstitutional a New Jersey hate crime statute that increased the normal 5- to 10-year range of imprisonment for possession of a firearm for an unlawful purpose to a 10- to 20-year term if the trial judge found by a preponderance of the evidence that the defendant, when committing the offense for which he was being sentenced, had acted with a racially biased purpose. *Apprendi*, 530 U.S. at 468-69, 147 L. Ed. 2d at 442, 120 S. Ct. at 2351. The Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. The Supreme Court instructed that "the relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Apprendi*, 530 U.S. at 494, 147 L. Ed. 2d at 457, 120 S. Ct. at 2365.

To sustain a charge of first-degree murder, a jury must find that the State proved all of the elements of the offense beyond a reasonable

doubt. *People v. Joyner*, 317 Ill. App. 3d 93, 110 (2000). Section 5—8—1(a)(1)(a) provides that the sentence for first-degree murder shall range from 20 to 60 years' imprisonment. 730 ILCS 5/5—8—1(a)(1)(a) (West 1998). However, under section 5—8—2(a) of the Code (730 ILCS 5/5—8—2(a) (West 1998)), the judge may impose an extended sentence exceeding the section 5—8—1(a)(1)(a) 20- to 60-year range if he finds by a preponderance of the evidence the aggravating factor that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. 730 ILCS 5/5—5—3.2(b)(2) (West 1998). Neither section 5—8—2(a) nor section 5—5—3.2(b)(2) requires that the "exceptionally brutal and heinous" issue be submitted to a jury.

The facts upon which the trial court relied to increase defendant's murder sentence were never charged in the first-degree murder count, nor were the extended-term facts submitted to the jury in the instructions. The trial court's finding at the sentencing hearing of exceptionally brutal and heinous behavior indicative of wanton cruelty extended the potential penalty for defendant's offense beyond the section 5—8—1(a)(1)(a) maximum of 60 years' imprisonment. According to *Apprendi*, this sentencing scheme violates the fourteenth amendment's proscription of the deprivation of liberty without due process of law and the sixth amendment's right to trial by jury under the Constitution of the United States. U.S. Const. amends. VI, XIV; *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348.

We therefore hold that section 5—8—2 of the Code is unconstitutional under *Apprendi* because it allows the imposition of a prison sentence of 60 to 100 years when the court determines that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty without affording defendant the right to a jury determination of whether the State proved the fact beyond a reasonable doubt. Accord *People v. Chanthaloth*, 318 Ill. App. 3d 806, 816 (2001) (section 5—8—2(a)(2) unconstitutional as applied); *People v. Beachem*, 317 Ill. App. 3d 693, 708 (2000) (section 5—8—2(a) unconstitutional as applied); *cf. People v. Lee*, 318 Ill. App. 3d 417, 421 (2000) (section 5—8—1(a)(1)(b) unconstitutional as applied); *Joyner*, 317 Ill. App. 3d at 110 (section 5—8—1(a)(1)(b) unconstitutional as applied).

The State argues that the statutory sentencing range for first-degree murder is not 20 to 60 years' imprisonment but, rather, that the range is 20 years' imprisonment up to and including death. The State concludes that, because a sentence of natural life is not an enhanced sentence or one that exceeds the statutory maximum, *Apprendi* does not apply.

The court in *Lee* rejected the same arguments that the State pre-

sents in this case. In *Lee,* as in the present case, the State relied on *Walton v. Arizona,* 497 U.S. 639, 111 L. Ed. 2d 511, 110 S. Ct. 3047 (1990), in which the Supreme Court rejected a constitutional challenge to an Arizona statute that authorized the trial judge, rather than a jury, to determine the existence or nonexistence of aggravating factors permitting the imposition of a death sentence for first-degree murder. *Apprendi* held that its rule did not affect the holding in *Walton* and other capital cases. *Apprendi,* 530 U.S. at 496, 147 L. Ed. 2d at 459, 120 S. Ct. at 2366. The *Apprendi* court explained that those cases hold that, once a jury has found the defendant guilty of all the elements of an offense that carries as its maximum penalty the sentence of death, the judge may decide whether that maximum penalty, rather than a lesser one, ought to be imposed. Thus, the *Lee* court found a critical distinction between the statutes at issue in *Walton* and *Lee.* *Lee,* 318 Ill. App. 3d at 422. The Arizona statute in *Walton* provided that the sentence for first-degree murder is either death or life imprisonment. Ariz. Rev. Stat. §§ 13—1105, 13—703 (1989). The *Lee* court found that the sentence of death, therefore, fell within the Arizona statutory sentencing range and the statute limited the trial court's discretion in selecting a penalty *less* than the maximum. *Lee,* 318 Ill. App. 3d at 422. The *Lee* court held that, in contrast, section 5—8—1(a)(1)(a) clearly provides that the sentencing range for first-degree murder is 20 to 60 years' imprisonment and that a sentence for natural life in prison may be imposed under section 5—8—1(a)(1)(b) only if the trial court finds the existence of a certain fact, such as whether the crime was committed in a particularly brutal and heinous manner indicative of wanton cruelty. *Lee,* 318 Ill. App. 3d at 422. The court concluded that the State misread the statutory scheme in proposing that a sentence of natural life in prison falls within the normal sentencing range for murder. *Lee,* 318 Ill. App. 3d at 422.

We agree with the conclusion of the court in *Lee.* Clearly, section 5—8—1(a)(1)(a) provides that the sentencing range for first-degree murder is 20 to 60 years' incarceration. 730 ILCS 5/5—8—1(a)(1)(a) (West 1998). Unlike in *Walton* and its progeny, the statutory scheme in Illinois gives the trial court the discretion to *enhance* the penalty for defendant's offense beyond the statutory maximum of 60 years' imprisonment. Because section 5—8—2(a) increases the penalty range for the crime beyond the maximum permitted by statute upon a finding by the trial court that defendant acted in a particularly brutal and heinous manner indicative of wanton cruelty, the statute unquestionably falls within the scope of *Apprendi.* See *People v. Amaya,* 321 Ill. App. 3d 923, 932-33 (2001).

The State relies on *McMillan v. Pennsylvania,* 477 U.S. 79, 91 L.

Ed. 2d 67, 106 S. Ct. 2411 (1986), arguing that the *Apprendi* decision does not prohibit all judicial fact finding at sentencing, even if those facts have the effect of lengthening the actual time of imprisonment. However, *McMillan* concerned the imposition of mandatory *minimum* sentences. *McMillan,* 477 U.S. at 87-88, 91 L. Ed. 2d at 77, 106 S. Ct. at 2417. Here, the trial court imposed a sentence that exceeded the maximum sentence permitted under 5—8—1(a)(1)(a). We reject the State's argument.

Accordingly, we agree with defendant that his sentence of 80 years' imprisonment cannot stand. We therefore remand this cause to the trial court for resentencing on defendant's murder conviction. In light of our decision, we need not address defendant's alternative argument that the trial court failed to consider the effect of defendant's medical condition at sentencing.

For the foregoing reasons, we affirm defendant's conviction of first-degree murder, vacate the sentence of 80 years' imprisonment, and remand the cause to the trial court to conduct further hearings pursuant to section 5—5—4 of the Code (730 ILCS Ann. 5/5—5—4 (Smith-Hurd Supp. 2001)).

Affirmed in part and vacated in part; cause remanded with directions.

BOWMAN and RAPP, JJ., concur.