ROBERT TAYLOR, Petitioner-Appellant, v. ROGER COWAN, Warden, Respondent-Appellee.

Fifth District    No. 5—01—0670

Opinion filed May 22, 2003.

Daniel M. Kirwan and Michelle A. Zalisko, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and William L. Browers and Russell K. Benton, Assistant Attorneys General, of counsel), for appellee.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

On December 18, 2000, Robert Taylor (the petitioner) filed in the circuit court a *pro se* petition for a writ of *habeas corpus* seeking his release from the Illinois Department of Corrections. In his petition, the petitioner alleged that his sentence of natural-life imprisonment was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), that he had served his prison term under the sentencing statute in place at the time of his conviction, and that he was entitled to his immediate release from incarceration. The trial court dismissed the petitioner's petition for a writ of *habeas corpus*, and the petitioner's appeal followed. On appeal, the petitioner asserts that the trial court erred in dismissing his petition for a writ of *habeas corpus*. We affirm.

## FACTS

Following a bench trial, the petitioner was convicted of murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(d)) and of armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2). The trial court sentenced the petitioner to death for the murder conviction and to a 60-year, extended-term sentence for the armed robbery conviction. On appeal, the supreme court held that the evidence was insufficient to sustain the petitioner's armed robbery conviction and reversed his conviction. *People v. Taylor*, 101 Ill. 2d 508 (1984). The supreme court also vacated the petitioner's death sentence and remanded his case to the circuit court for a new sentencing hearing for his murder conviction, with directions to impose a sentence other than death. *Taylor*, 101 Ill. 2d at 525.

On remand, the trial court determined that, even though the petitioner was not charged with the offense, the evidence at the trial

was sufficient to sustain a conviction for burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1(a)). Because factors in aggravation were present, *i.e.*, the murder had been committed during the course of a burglary and had been brutal and heinous indicative of wanton cruelty, the court imposed a sentence of natural-life imprisonment pursuant to section 5—8—1(a)(1) of the Unified Code of Corrections (Unified Code) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1) (now see 730 ILCS 5/5—8—1(a)(1)(b) (West 2000))). The petitioner appealed, contending that the trial court's findings that the burglary and the commission of an exceptionally brutal and heinous murder were aggravating factors warranting a life sentence were error. The appellate court affirmed the trial court's holding that the evidence in the record supported a finding of the petitioner's guilt beyond a reasonable doubt for the commission of the offense of burglary, and it affirmed the trial court's imposition of a life sentence. *People v. Taylor*, 164 Ill. App. 3d 938 (1987). The appellate court also affirmed the trial court's holding that the petitioner's conduct in the commission of the murder had been exceptionally brutal and heinous indicative of wanton cruelty. *Taylor*, 164 Ill. App. 3d at 943. The Illinois Supreme Court denied the petitioner's leave to appeal. *People v. Taylor*, 119 Ill. 2d 572 (1988).

The petitioner filed his writ of *habeas corpus* after the United States Supreme Court's decision in *Apprendi*, which held that a sentence is unconstitutional if a fact used to increase the maximum penalty for a crime is not submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. In his petition, the petitioner asserted that because the trial court based its sentence of natural-life imprisonment on the statutory aggravating factor that the murder committed had been accompanied by brutal and heinous conduct indicative of wanton cruelty, a sentencing enhancement not pled in the indictment, submitted to the jury, or proved beyond a reasonable doubt, his sentence was unconstitutional under *Apprendi* and the extended-term sentencing statute under which he had been sentenced was void. Further, the petitioner claimed that under the sentencing statute in place at the time of his conviction, he could only be sentenced to 20 to 40 years' imprisonment (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1)) for the murder. The petitioner asserted that when day-for-day good time is applied, he has served more than 20 years of the maximum sentence that he could have been given and is entitled to his immediate release. The State filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)), claiming that the petitioner failed to allege sufficient facts to state a cause of action for *habeas corpus* relief. The trial court granted the State's motion to dismiss. The petitioner appeals.

## ANALYSIS

The petitioner argues that under the Habeas Corpus Act (the Act) (735 ILCS 5/10—101 *et seq.* (West 2000)), a prisoner is entitled to an immediate release from incarceration if the term during which the prisoner may be legally detained has expired. 735 ILCS 5/10—123(2) (West 2000). Additionally, the petitioner asserts that the Act provides that a prisoner may be discharged where, although the original imprisonment was lawful, some subsequent act, omission, or event has occurred entitling the prisoner to a discharge. 735 ILCS 5/10—124(2) (West 2000). The petitioner claims that because his extended-term sentence was void *ab initio* under the holding in *Apprendi,* he has served more than the maximum term of imprisonment for which he was lawfully detained and is entitled to a discharge under section 10—123(2) of the Act (735 ILCS 5/10—123(2) (West 2000)). The petitioner further claims that the decision in *Apprendi* is a subsequent event entitling him to a discharge under section 10—124(2) of the Act (735 ILCS 5/10—124(2) (West 2000)).

In a motion to dismiss under section 2—615, a trial court must consider whether the allegations of the complaint, when viewed in the light most favorable to the petitioner, are sufficient to state a cause of action upon which relief can be granted. *LaPointe v. Chrans,* 329 Ill. App. 3d 1080 (2002). A trial court's grant of a motion to dismiss is reviewed *de novo. LaPointe,* 329 Ill. App. 3d at 1083. "A writ of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the plaintiff or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to his release. [Citations.]" *Freeman v. Cowan,* 331 Ill. App. 3d 218, 219 (2002). *Habeas corpus* relief is limited solely to the grounds specified in the Act and may not be used to review proceedings that do not exhibit one of the defects set forth therein, even though the alleged error involves a denial of constitutional rights. *Schlemm v. Cowan,* 323 Ill. App. 3d 318 (2001).

The petitioner has not alleged that he is entitled to a release because the trial court lacked jurisdiction, but he contends that his sentence is unconstitutional and void *ab initio* because of the holding in *Apprendi.* The petitioner asserts that after day-for-day good time is considered, he has served his maximum sentence under the sentencing statute in effect at the time of his conviction and is entitled to a discharge under section 10—123(2) of the Act. Section 10—123(2) provides that a prisoner, originally lawfully detained, is entitled to a discharge when the time for which he is legally detained has expired. 735 ILCS 5/10—123(2) (West 2000). *Habeas corpus* relief is not avail-

able to a person who is in custody by virtue of a final judgment of a circuit court, unless the time during which the petitioner may be legally detained has expired. *Faheem-El v. Klincar*, 123 Ill. 2d 291 (1988). A petitioner must be entitled to a discharge either because he has completed his legally imposed sentence or because some factor listed in section 10—124 has occurred to entitle the petitioner to an earlier discharge. See *Faheem-El*, 123 Ill. 2d at 294-95.

■ Here, the petitioner is not entitled to a discharge under the Act. The petitioner is currently serving time for a life sentence, so his time of legal detainment has not expired. His argument that his prison term has expired rests on the crucial issue of whether his sentence is unconstitutional under *Apprendi*.

Even if, as the petitioner argues, the life sentence imposed on him is unconstitutional under *Apprendi*, the petitioner still does not meet the requirement that he is entitled to a discharge because his prison term has expired. The petitioner's sentence would be 20 to 40 years' imprisonment under the statute in effect at the time of his sentencing. Regardless of whether the petitioner has earned day-for-day good-time credit under section 3—6—3(a)(2) of the Unified Code (Ill. Rev. Stat. 1979, ch. 38, par. 1003—6—3(a)(2) (now see 730 ILCS 5/3—6—3(a)(2) (West 2000))), he is not entitled to a discharge and is subject to the custody of the Department of Corrections until the maximum term of imprisonment that could legally, under the petitioner's reasoning, be imposed, here 40 years, and the three-year mandatory supervised release imposed under section 5—8—1(d) of the Unified Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(d) (now see 730 ILCS 5/5—8—1(d) (West 2000))) have expired. *Faheem-El*, 123 Ill. 2d at 302. A prisoner is not entitled to a discharge from prison until his mandatory supervised release is served, because mandatory supervised release is a part of a sentence. *Blythe v. Lane*, 194 Ill. App. 3d 451 (1990). A prisoner cannot be discharged until either his mandatory supervised release is served at the conclusion of the imposed sentence or, if mandatory supervised release is granted before the maximum term has expired, until a discretionary discharge is granted under section 3—3—8(b) of the Unified Code (Ill. Rev. Stat. 1979, ch. 38, par. 1003—3—8(b) (now see 730 ILCS 5/3—3—8(b) (West 2000))). *Blythe*, 194 Ill. App. 3d at 454-55. Mandatory supervised release is a gift, not a statutory right that can be invoked at the will of a prisoner, and a prisoner cannot demand a discharge before the expiration of the maximum term of his sentence. *Blythe*, 194 Ill. App. 3d at 457. Therefore, because the petitioner in the case *sub judice* has not served the maximum term of a sentence that could be imposed at the time he was sentenced, here 40 years' imprisonment, and he has not served his mandatory

supervised release, he is not entitled to a discharge. Accordingly, the trial court properly dismissed his petition because the petitioner could not allege any facts that would allow for *habeas corpus* relief.

Further, even if *Apprendi* were applicable to the petitioner's case, he would not prevail; therefore, we do not determine whether *Apprendi* is a subsequent event entitling him to an early discharge from his lawfully imposed sentence under section 10—124(2) of the Act (735 ILCS 5/10—124(2) (West 2000)). First, the petitioner's sentencing statute is not void *ab initio* as the petitioner asserts. In *Hill v. Cowan*, 202 Ill. 2d 151 (2002), the supreme court reiterated that the void *ab initio* doctrine only applies to statutes unconstitutional on their face. *Hill*, 202 Ill. 2d at 156. It is difficult to successfully mount a facial challenge to a statute, for a statute is facially unconstitutional only if no set of circumstances exists under which the statute would be valid. *Hill*, 202 Ill. 2d at 157. If any situation exists to which the statute could be validly applied, a facial challenge fails. *Hill*, 202 Ill. 2d at 157.

Here, the petitioner's sentence was imposed under section 5—8—1(a)(1) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1) of the Unified Code (now see 730 ILCS 5/5—8—1(a)(1)(b) (West 2000))), which allowed the imposition of a sentence of natural-life imprisonment for a murder conviction if any of the aggravating factors listed in section 9—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(b) (now see 720 ILCS 5/9—1(b) (West 2000))) existed or if the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. Section 9—1(b)(6)(c) of the Criminal Code of 1961 provided that an aggravating factor was present if the murder was committed during the course of one of the enumerated felonies, including burglary. Ill. Rev. Stat. 1979, ch. 38, par. 9—1(b)(6)(c). There are many circumstances that come to mind where this statute can be validly applied. Any murder committed during the enumerated felonies, if the felony is proved beyond a reasonable doubt at the trial, would be a valid application of section 5—8—1(a)(1)(b) of the Unified Code. Therefore, the statute under which the petitioner was sentenced is not facially unconstitutional and is not void *ab initio*.

Second, the petitioner claims that his sentence was unconstitutional under *Apprendi* because the aggravating factor that the murder was exceptionally brutal and heinous indicative of wanton cruelty was not charged in the indictment, submitted to the trier of fact, or proven beyond a reasonable doubt. Regardless of this claim, the fact remains that the petitioner's life sentence was also imposed because it occurred during the commission of a burglary, an aggravating factor, standing alone, that allows the imposition of a life sentence. Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—1(a)(1), 9—1(b)(6)(c). In the

petitioner's appeal of his resentencing, the petitioner's life sentence was affirmed, based upon a finding that the murder had been committed in the course of a burglary. *Taylor*, 164 Ill. App. 3d at 943. The appellate court found that the fact that the petitioner had committed the offense of burglary during the murder was supported by the evidence of record beyond a reasonable doubt. *Taylor*, 164 Ill. App. 3d at 943. Because evidence of the aggravating factor that the petitioner had committed the murder in the course of committing a burglary was presented to the trier of fact (the trial judge) and proven at the petitioner's trial beyond a reasonable doubt, the petitioner's sentence of natural life does not violate *Apprendi*.

Further, although the petitioner contends that he was not charged with burglary, the error is harmless, because the appellate court found that the evidence of record supported the finding that the petitioner committed the offense of burglary beyond a reasonable doubt. *Taylor*, 164 Ill. App. 3d at 943. The Supreme Court held in *United States v. Cotton*, 535 U.S. 625, 152 L. Ed. 2d 860, 122 S. Ct. 1781 (2002), that the failure to include an element of an offense in an indictment that would enhance the sentence imposed is harmless error where the evidence of the element is overwhelming and essentially uncontroverted. The Supreme Court further held that the sentence imposed in *Cotton* need not be vacated when the requirements of *Apprendi* were not met if the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *Cotton*, 535 U.S. at 632, 152 L. Ed. 2d at 868, 122 S. Ct. at 1785.

The petitioner cannot present any evidence that he is entitled to a discharge because he has served his sentence (735 ILCS 5/10—123(2) (West 2000)) or because of the occurrence of a subsequent event that would entitle him to a discharge under the statute (735 ILCS 5/10—124(2) (West 2000)). Because the petitioner can present no evidence entitling him to relief under the Act, we find that the trial court did not err in granting the State's motion to dismiss the petitioner's petition for a writ of *habeas corpus*.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Randolph County is affirmed.

Affirmed.

MAAG and KUEHN, JJ., concur.