NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241253-U

NO. 4-24-1253

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 11, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| CHRISTOPHER L. PARKER, | ) | No. 07CF176 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Doherty and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, holding the trial court did not err by denying
defendant's petition for *habeas corpus* relief.

¶ 2    Defendant, Christopher L. Parker, appeals the denial of his petition for

*habeas corpus* relief, arguing the trial court erred by denying the petition because it alleged that

an event had taken place subsequent to his conviction for criminal sexual assault that entitled

him to release from all custody, including mandatory supervised release (MSR). Specifically,

defendant argued that the application of certain statutory provisions related to indeterminate

MSR terms for sex offenders, as applied to him, violated his rights under the eighth and

fourteenth amendments to the United States Constitution (see U.S. Const., amends. VIII, XIV)

by subjecting him to over six years of imprisonment after he had completed his determinate

sentence of five years and three months' imprisonment. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4            In January 2008, defendant pled guilty to criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 2006)). (While the information states defendant was charged under section 12-13(a)(2) of the Criminal Code of 1961 (*id.*), the substantive allegations in the information describe the offense of criminal sexual assault as set forth in section 12-13(a)(1) of the Criminal Code of 1961 (*id.* § 12-13(a)(1)).) He was subsequently sentenced to five years and three months' imprisonment, with an MSR term of two years. In September 2008, defendant filed a *pro se* postconviction petition, which was dismissed.

¶ 5            In February 2009, defendant, *pro se*, filed a successive postconviction petition, in which he claimed his guilty plea was involuntary where he was admonished at the plea hearing that he would receive a two-year term of MSR, but his prison records showed he actually received an MSR term of three years to life. The trial court granted defendant's request to withdraw his guilty plea. In June 2009, defendant pleaded guilty to one count of criminal sexual assault pursuant to a negotiated plea agreement, and the court sentenced him to five years and three months' imprisonment, with an MSR term of three years to life.

¶ 6            Defendant has served his prison sentence of five years and three months, but his indeterminate MSR term has not yet terminated. According to defendant's *pro se* filings, he was reincarcerated several times after being placed on MSR for violating the terms of his MSR. Defendant, *pro se*, has filed numerous petitions related to his continued imprisonment.

¶ 7            Relevant to this appeal, on June 30, 2023, defendant filed a *pro se* petition for *habeas corpus* relief, which alleged that he was released on MSR on July 3, 2012. The petition alleged that defendant was reincarcerated from September 2012 until May 2015 and from

September 2015 until May 2019 because he was unable to afford housing which the Illinois Department of Corrections (DOC) would approve. The petition further alleged that, pursuant to section 3-14-2.5(e) of the Unified Code of Corrections (Code) (730 ILCS 5/3-14-2.5(e) (West 2022)), these two periods of reincarceration did not count toward his indeterminate MSR term. The petition asserted that the statutory scheme comprised of sections 5-5-8(d)(1)(4), 3-3-7(b-1)(1), and 3-14-2.5(e) of the Code (*id.* §§ 5-5-8(d)(1)(4), 3-3-7(b-1)(1), 3-14-2.5(e)), as applied to defendant, "inflicted cruel and unusual punishment in violation of the [eighth amendment]" by forcing him "to endure more than 6 years [of] prolonged incarceration." The petition also alleged that this statutory scheme, as applied, violated defendant's right to equal protection under the fourteenth amendment. The petition cited *Murphy v. Raoul*, 380 F. Supp. 3d 731 (N.D. Ill. 2019), as supporting authority.

¶ 8        On July 11, 2023, the trial court denied defendant's petition for *habeas corpus* relief on the basis that such relief is not available to a petitioner who is currently serving a term of MSR. On July 21, 2023, defendant filed a motion to reconsider, which the court denied.

¶ 9                                            II. ANALYSIS

¶ 10        On appeal, defendant argues that the trial court erred by denying his petition for *habeas corpus* relief. Defendant contends that his petition alleged violations of his constitutional rights which constituted occurrences subsequent to his conviction that entitled him to release from all custody, including MSR. Specifically, defendant argues that, subsequent to his conviction, the statutory scheme comprised of sections 5-5-8(d)(1)(4), 3-3-7(b-1)(1), and 3-14-2.5(e) of the Code (730 ILCS 5/5-5-8(d)(1)(4), 3-3-7(b-1)(1), 3-14-2.5(e) (West 2022)) subjected him to the "Cruel and Unusual Punishment of prolonged incarceration in violation of the Eighth

*** Amendment." He also argues that this statutory scheme denied him equal protection of the law in violation of the fourteenth amendment.

¶ 11        *Habeas corpus* proceedings are governed by article X of the Code of Civil Procedure (735 ILCS 5/art. X (West 2022)). Pursuant to section 102, "[e]very person imprisoned or otherwise restrained of his or her liberty, except as herein otherwise provided, may apply for *habeas corpus* in the manner provided in Article X of this Act, to obtain relief from such imprisonment or restraint, if it proved to be unlawful." *Id.* § 10-102. "Under *habeas corpus*, the sole remedy is a prisoner's immediate discharge from custody." (Internal quotation marks omitted.) *Adcock v. Snyder*, 345 Ill. App. 3d 1095, 1098 (2004).

¶ 12        *Habeas corpus* relief may be granted only on one of the seven grounds specified in section 10-124 of the Code of Civil Procedure (735 ILCS 5/10-124 (West 2022)). *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008). "A complaint for order of *habeas corpus* may not be used to review proceedings that do not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights." *Id.*

¶ 13        Relevant to this appeal, section 10-124(2) of the Code of Civil Procedure (735 ILCS 5/10-124 (West 2022)) provides that a prisoner "in custody by virtue of process from any court legally constituted" may be discharged "[w]here, though the original imprisonment was lawful, nevertheless, by some act, omission or event which has subsequently taken place, the party has become entitled to be discharged." Our supreme court has stated that, "[u]nder this provision, a prisoner who has satisfied the judgment under which he is confined may invoke the writ of *habeas corpus* to obtain his release from imprisonment." *Faheem-El v. Klincar*, 123 Ill. 2d 291, 295 (1988). However, "*habeas corpus* does not lie if the person is in custody by virtue of a final judgment of any circuit court, or of any proceeding for the enforcement of such judgment,

- 4 -

unless the time during which such party may be legally detained has expired." *Id.* "A prisoner is not entitled to a discharge from prison until his [MSR] is served, because [MSR] is a part of a sentence." *Taylor v. Cowan*, 339 Ill. App. 3d 406, 410 (2003).

¶ 14     When the trial court determines that a *habeas corpus* petition is insufficient on its face to warrant relief under article X, the court may *sua sponte* deny the petition. *Hennings v. Chandler*, 229 Ill. 2d 18, 31 (2008). We review the denial of a *habeas corpus* petition *de novo*, and we may affirm the ruling of the trial court for any reason supported by the record. *Ragel v. Scott*, 2018 IL App (4th) 170322, ¶ 19.

¶ 15     Initially, we observe that although defendant named "Melinda Eddy" as the defendant in the caption of the *habeas corpus* petition, he filed the petition in the underlying criminal case, his motion to reconsider the denial of the petition contained the caption of the underlying criminal case, and the State participated in this appeal as the appellee. We note, however, that our supreme court has stated that the proper defendant in a *habeas corpus* proceeding is the petitioner's current custodian. *Hennings*, 229 Ill. 2d at 23-24, n.2. We also note that, according to DOC's website, defendant is no longer in prison, but was released on MSR in July 2024. See *Illinois Department of Corrections-Inmate Search*, Illinois Department of Corrections, https://idoc.illinois.gov/offender/inmatesearch.html (last visited Mar. 11, 2025); see also *People v. Young*, 355 Ill. App. 3d 317, 321 n.1 (2005) ("[W]e may take judicial notice of information that [DOC] has provided on its website."). While both of these issues might be fatal to defendant's *habeas corpus* claim, we do not address them in this appeal because they were not identified or briefed by the parties.

¶ 16     Instead, we find the trial court properly denied defendant's *habeas corpus* petition because the allegations in the petition did not demonstrate that he was entitled to discharge.

Defendant was sentenced to five years and three months' imprisonment, with an indeterminate MSR term of three years to natural life. Defendant has completed his determinate prison sentence, but his indeterminate MSR term has not yet terminated. Accordingly, he has not yet satisfied the judgment under which he was confined. See *Faheem-El*, 123 Ill. 2d at 295; *Taylor*, 339 Ill. App. 3d at 410.

¶ 17 We reject defendant's reliance on *Murphy*. In *Murphy*, a class comprised of indigent sex offenders filed a lawsuit under section 1983 of Title 42 of the United States Code (42 U.S.C. § 1983) against the Attorney General of Illinois and the Director of DOC, alleging that the way the defendants implemented Illinois's statutory scheme governing MSR for sex offenders violated the plaintiffs' constitutional rights by subjecting them to indefinite imprisonment due to their inability to secure qualifying MSR host sites. *Murphy*, 390 F. Supp. 3d at 738, 750.

¶ 18 The *Murphy* court held that the defendants implemented the statutory scheme at issue in a way that violated the plaintiffs' rights to equal protection by "creat[ing] an illegal classification based on wealth, which indefinitely deprive[d the plaintiffs] of their liberty as a result of their incapacity to pay." *Id.* at 759. The *Murphy* court also held that the requirement that plaintiffs find a compliant host site before being released from prison onto MSR violated the eighth amendment as applied to the plaintiffs because it punished them for their homeless status through prolonged incarceration. *Id.* at 764. The court reserved its ruling on the proper remedy and subsequently entered a permanent injunction, directing the defendants to submit a compliance plan outlining steps to ensure that no member of the plaintiff class remained in prison due to an inability to locate an MSR host site by October 31, 2021. *Id.* at 766; *Murphy v. Raoul*, 2021 WL 12306062, at *1 (N.D. Ill. Sept. 29, 2021).

¶ 19　　　Thus, at most, *Murphy* may support an argument that an incarcerated sex offender subject to an indeterminate MSR term who has been held past the expiration of his or her determinate prison sentence should be released onto MSR if his or her prolonged incarceration is solely due to indigency and/or homelessness. However, this remedy is not available in a *habeas corpus* proceeding. See *Adcock*, 345 Ill. App. 3d at 1098 ("Under *habeas corpus*, the sole remedy is a prisoner's immediate discharge from custody." (Internal quotation marks omitted.)); *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430-31 (1998) ("[W]hile petitioner's challenge to the [MSR] revocation proceedings might affect the manner in which he would serve his term of [MSR], it would not entitle him to actual release or discharge."). Moreover, as previously noted, it appears defendant has already received this relief, as DOC's website indicates that defendant is no longer in prison but was released on MSR in July 2024. *Murphy* does not support defendant's argument, made both in his *habeas corpus* petition and on appeal, that he is entitled to an immediate discharge from all custody, including MSR.

¶ 20　　　　　　　　　　　　III. CONCLUSION

¶ 21　　　For the reasons stated, we affirm the trial court's judgment.

¶ 22　　　Affirmed.